# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

**MIGUEL ANGEL COTA-GASTELUM,**

      **Petitioner,**

**v.**                               **Civil Action No. 1:14cv117**
                                              **(Judge Keeley)**

**RUSSELL A. PERDUE, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION

On July 8, 2014, the *pro se* petitioner, Miguel Angel Cota-Gastelum ("Cota-Gastelum"), an inmate incarcerated at FCI Gilmer in Glenville, West Virginia, initiated this case by filing a petition pursuant to 28 U.S.C. §2241, along with a motion for leave to submit a memorandum in support. Pursuant to a Notice of Deficient Pleading, the petitioner paid his filing fee on July 29, 2014.  By Order entered September 8, 2014, Cota-Gastelum's motion for leave to file a memorandum in support was granted.  On October 8, 2014, petitioner filed a motion for an extension of time to submit the memorandum.  By Order entered October 14, 2014, petitioner's motion was granted. Petitioner filed his memorandum in support on November 12, 2014.  On June 29, 2015, petitioner filed a Motion Under 28 U.S.C. §2243 to Issue Pending 28 U.S.C. §2241.

This matter, which is before the undersigned for a Report and Recommendation pursuant to LR PL 2, is ripe for review.

## I. <u>Facts</u>[1]

On April 10, 2006, after an eight-day jury trial in United States District Court for the District of Kansas, petitioner was found guilty of all five counts of a superseding indictment: Count One, Conspiracy to distribute and possess with intent to distribute methamphetamine and marijuana and

---

[1] The undersigned obtained the pertinent facts from review of the petitioner's criminal case available on PACER. <u>See</u>  2:07cr20143 (U.S. District Court – District of Kansas).

aiding and abetting, in violation of Title 21, U.S.C. §846 and Title 18, U.S.C. §2;    Count Two, Distributing Methamphetamine, in violation of Title 21, U.S.C. §841; Count Three, Possession with Intent to Distribute Methamphetamine and Aiding and Abetting, in violation of  Title 21, U.S.C. §841 and Title 18, U.S.C. §2;  Count Four, Use and Carry Firearm and Ammunition During and in Relation to a Drug Trafficking Crime and Aiding and Abetting, in violation of Title 18, U.S.C. §924 and  Title 18, U.S.C. §2; and Count Five, Illegal Alien in Possession of Firearms, in violation of Title 18, U.S.C. §922.

On August 26, 2009 a sentencing hearing was begun and continued to August 31, 2009, when the petitioner was sentenced to 360 months imprisonment on Count One; 240 months imprisonment on Count Two; 360 months imprisonment on Count Three; 60 months imprisonment on Count Four; and 120 months imprisonment on Count Five.  The sentences on Counts One, Two, Three and Five were to be served concurrently with each other and the sentence on Count Four was to be served consecutive to the sentences on Counts One, Two, Three and Five, for a total term of imprisonment of 420 months.  Upon release, petitioner was sentenced to a supervised release term of five years (five years on Counts one, Two and Three; and three years' supervised release on Counts Four and Five, all counts to run concurrently).

Petitioner timely appealed, challenging the district court's denial of his motion for a new trial based on insufficiency of the evidence, and the reasonableness of his sentence, contending that the court's drug quantity calculation was erroneous because it was based on unreliable evidence; that the court clearly erred by imposing a 4-level enhancement for being the leader of a conspiracy with more than five participants, and the substantive reasonableness of his sentence, on the grounds that it was disproportionate to those received by his co-defendants.  On December 9, 2010, the Tenth Circuit

Court of Appeals issued an opinion affirming the district court's judgment.[2]  Cota-Gastelum did not petition the United States Supreme Court for a writ of *certiorari*.

On April 8, 2013, petitioner filed a Motion to Vacate pursuant to 28 U.S.C. §2255. It was denied as untimely on August 6, 2013 and a certificate of appealability was denied.

On July 22, 2015, petitioner filed Motion to Reduce Sentence – USSC Amendment 782 in the sentencing court.  That motion is still pending.

## II. Claims Raised by the Petitioner

Petitioner attacks the validity of his 420-month sentence, asserting that it is substantively illegal, because he is actually and factually innocent of the extra-judicially found drug quantities, gun and conspiracy-leader/organizer enhancements because they were neither found by the jury or pled to by him.

Petitioner contends that the reason why his remedy by way of §2255 is inadequate or ineffective to test the legality of his detention is that precedent which now renders his sentence substantively illegal was previously unavailable at the time his appeal and §2255 motion were litigated. Further, he avers that he would not qualify for a second or successive §2255 motion, "therefore §2255 is inadequate to test the legality of his detention."

As relief, petitioner requests that this court find his sentence substantively illegal, vacate it and resentence him to a non-enhanced term of imprisonment.

## III. Analysis

Petitioner argues that he is entitled to relief under §2241 because §2255 is an inadequate or ineffective remedy.

Except as discussed below, a motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C.

---

[2] (D. Kans. Dkt.# 184)(No. 09-3260).

§2241 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Because the petitioner herein is seeking to have his sentence modified, he is seeking §2255 relief, not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000).

However, despite the fact that a §2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, the petitioner is entitled to file a §2241 petition if he can demonstrate that §2255 is an inadequate or ineffective remedy. In this respect, the Fourth Circuit has concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[8]

Jones, 226 F.3d at 333-34.

In this case, petitioner is not challenging the execution of his sentence, but instead, is challenging the legality of his sentence. In particular, he is alleging that multiple sentencing enhancements render his detention unconstitutional.

Although the petitioner raises the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, violations of Title 21, U.S.C. §§841 and 846, and Title 18, U.S.C. §§2, 922 and 924

---

[8] The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

remain criminal offenses, and therefore the petitioner cannot satisfy the second element of <u>Jones</u>. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

Here, even though Cota-Gatelum's petition implies that new precedent now renders his sentence substantively illegal, he does not cite to any new precedent. His rambling, incoherent memorandum insists that he has "committed no capital, or infamous assimilated State crimes on federal enclave territorial jurisdiction." He references the "Subversive Federal Police State, strategically schemed under qualified immunity . . . upon their subversive acts of omission in violation of . . . [his] inalienable right's [sic], judicial incentives for their win at all costs subversive war on crimes and drugs[.]"[3] Because his actual challenge is only the validity of his enhanced sentence, not the legality of his underlying conviction, it is a challenge unavailable via a §2241 petition. <u>See</u> <u>Wilson v. Wilson,</u> 2012 U.S. Dist. LEXIS 51901, *3 (E.D. Va. April 12, 2012).

Finally, even assuming petitioner's claim was not procedurally barred as having previously been litigated, which it is; and was timely, which it is not,[4] because petitioner was not sentenced in this District, this Court is also without jurisdiction to decide his claims.[5] Assuming that petitioner had properly filed this case in the correct venue, because he did not first obtain authorization to file a successive federal habeas petition from the Tenth Circuit Court of Appeals, that court would likewise be without authority to hear this case.[6]

---

[3] Dkt.# 12 at 2- 3.

[4] Petitioner is well outside of the one year statute of limitations for timely filing a §2255 motion, prescribed by 28 U.S.C. §2255(3).

[5] Rule 3 of the Rules Governing Section 2255 Proceedings for the United States District Courts states that a §2255 motion must be entered on the criminal docket of the case in which the challenged judgment was entered.

[6] Pursuant to 28 U.S.C. §2244(b), a petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider his application for a second or successive writ of habeas corpus, and such writ will only be granted by a three-judge panel of the appeals court if the application makes a *prima facie* showing that the application does not present a claim already presented in a prior application, unless it relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DISMISSED with prejudice.**

Further, the undersigned also recommends that petitioner's pending Motion Under 28 U.S.C. §2243 to Issue Pending 28 U.S.C. §2241 (Dkt.# 13) be **DENIED as moot.**

Within **fourteen (14) days** after being served with a copy of this recommendation, **or by September 1, 2015,** any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: August 18, 2015

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

unavailable, or the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence, that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.